103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin Mark GREENE, Petitioner-Appellant,
v.
Ernest C. ROE, Warden; Attorney General, State of
California, Respondents-Appellees.
 No. 96-55283.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Mark Greene, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. He contends the district court erred when it (1) dismissed his section 2254 petition with prejudice and (2) refused to permit him to file a petition against the Federal Bureau of Prisons. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We vacate and remand.
 
 
 3
 In his section 2254 petition, Greene alleges that the state sentencing judge assured him that his state sentence would run concurrently with his federal sentence. The record shows that the state department of corrections attempted to transfer Greene to federal custody, but federal authorities refused the transfer. The magistrate judge recommended that Greene's petition be dismissed with prejudice on the ground that Greene had named the wrong respondent. In his objections to the magistrate's report, Greene asked for leave to file a petition against the Federal Bureau of Prisons. The district court subsequently denied Greene's petition with prejudice.
 
 
 4
 As a general rule, state prisoners may file only one section 2254 petition. See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). In light of the abuse of the writ doctrine, once Greene asked for leave to file a petition against the Federal Bureau of Prisons, the district court should have dismissed Greene's section 2254 petition without prejudice and permitted Greene to file a 28 U.S.C. § 2241 petition.[1]
 
 
 5
 VACATED and REMANDED for further proceedings consistent with this disposition.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Should Greene wish to challenge the federal sentence itself, he should file a 28 U.S.C. § 2255 motion